# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILSON J. DOMINGUE, JR. | CIVIL ACTION |
| VERSUS | |
| TA OPERATING, LLC, HPT TA PROPERTIES TRUST, AND ARCH SPECIALTY INSURANCE COMPANY | 21-606-SDD-RLB |

## RULING AND ORDER

There are two *Motions* pending before the Court: a *Motion to Dismiss for Fraud on the Court and Alternative Motion for Summary Judgment*[1] filed by Defendants TA Operating, LLC and Arch Specialty Insurance Company (collectively, "Defendants"); and a *Motion to Strike the Un-Alleged Defense of Intentional Act and/or Fraud*[2] filed by Plaintiff, Wilson Domingue ("Plaintiff"). In response to the *Motion to Dismiss*, Plaintiff filed an *Opposition*,[3] and Defendants filed a *Reply*.[4] In response to the *Motion to Strike*, Defendants filed an *Opposition*,[5] and Plaintiff filed a *Reply*.[6] For the reasons addressed herein, the Court will DENY Defendants' *Motion to Dismiss and Alternative Motion for Summary Judgment* and will DENY Plaintiff's *Motion to Strike*.[7]

---

[1] Rec. Doc. 20.
[2] Rec. Doc. 23.
[3] Rec. Doc. 30.
[4] Rec. Doc. 33.
[5] Rec. Doc. 29.
[6] Rec. Doc. 46.
[7] Rec. Doc. 20; Rec. Doc. 23.

I.  **BACKGROUND**

This case arises out of an incident that occurred on September 20, 2020, in a store owned by Defendant TA Operating, LLC.[8] Plaintiff allegedly slipped and fell while walking down a recently mopped aisle of the store and ultimately sustained injuries to his left shoulder.[9] The incident was captured on surveillance footage, and Defendants admit that the floor was wet at the time of Plaintiff's fall.[10] Plaintiff filed suit against Defendants in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana on September 10, 2021 seeking damages for his alleged injuries.[11] Defendants removed the matter to this Court based on diversity jurisdiction on October 25, 2021.[12]

On October 3, 2022, Defendants filed a *Motion to Dismiss for Fraud on the Court and Alternative Motion for Summary Judgment* claiming that Plaintiff "intentionally" fell in the store.[13] Per Defendants, the surveillance footage depicts Plaintiff standing in the wet aisle for "at least 15 seconds" prior to the fall, leaving the aisle, and then returning to initiate the fall by beginning to "sit down, bracing himself for impact as he causes himself to fall."[14] Defendants also rely on the report of their expert, Dr. Austin Folley ("Dr. Folly"), who opined, "Plaintiff's body movements and kinematics during the fall sequence confirm that Plaintiff did not slip."[15]

Plaintiff opposed Defendants' *Motion* and separately filed a *Motion to Strike the Un-Alleged Defense of Intentional Act and/or Fraud and to Limit All Evidence and/or*

---

[8] Rec. Doc. 1-1.
[9] Rec. Doc. 26-3, p. 54.
[10] Rec. Doc. 20-3; Rec. Doc. 20-2.
[11] Rec. Doc. 1-1.
[12] Rec. Doc. 1.
[13] Rec. Doc. 20.
[14] Rec. Doc. 20-1, p. 2. Defendants additionally note that three of Plaintiff's friends are depicted in the footage as coming to Plaintiff's aid without slipping on the wet floor. *Id.* at p. 5.
[15] Rec. Doc. 20-1, p. 5.

*Arguments of the Defenses and to Strike Defendants' Expert*.[16] He claims Defendants failed to adequately assert a fraud or intentional act defense when answering the *Complaint* and are therefore precluded from both arguing that Plaintiff intentionally fell and presenting Dr. Folley's testimony at trial. Because Plaintiff's *Motion*, if granted, would necessarily moot the arguments raised in Defendants' *Motion to Dismiss*, the Court will first consider the merits of the *Motion to Strike*.

## II.  LAW AND ANALYSIS

### A. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a pleading is generally disfavored, but a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.[17] Still, it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[18] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[19]

---

[16] Rec. Doc. 23.
[17] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).
[18] *Entergy Gulf States La., LLC v. La. Generating, LLC*, CV 14-385-SDD-RLB, 2021 WL 1216514, at *1 (M.D. La. Mar. 1, 2021) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted)); *see also*, *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).
[19] *Id.*

1. **"Un-alleged Defense of Intentional Act and/or Fraud"**

The pleading requirements for defenses and affirmative defenses are set forth in Federal Rules of Civil Procedure 8(b) and (c).[20] A "defense" under Rule 8(b) is defined as a "stated reason why the plaintiff ... has no valid case."[21] An "affirmative defense" under Rule 8(c) is an "assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true."[22] Affirmative defenses must be pled with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[23] "Notwithstanding this typical pleading standard, affirmative defenses of fraud must be pleaded with the particularity required by Rule 9(b)."[24]

Plaintiff claims it is "hard to distinguish" whether Defendants intend on asserting an "intentional act" defense or a fraud defense because "intentionally causing a fall and then asserting a claim sounds like an allegation of fraud."[25] He argues that while Defendants' *Motion for Fraud on the Court* evidences their intention to raise a fraud defense, said defense was not properly pled under the heightened standard of Rule 9(b).[26] As addressed below, the affirmative defense of fraud fundamentally differs from a claim of "fraud on the court." Moreover, Defendants concede they have not attempted to

---

[20] "A defendant is required to 'state in short and plain terms its defenses to each claim asserted against it' and 'affirmatively state any avoidance or affirmative defense....'" *Thomas v. Chambers*, CV 18-4373, 2019 WL 2289495, at *5 (E.D. La. May 28, 2019) (quoting Fed. R. Civ. P. 8(b)(1)(A) and (c)(1)).
[21] *Id.* (quoting Black's Law Dictionary (10th ed. 2014)).
[22] *Id.*
[23] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).
[24] *Thomas*, 2019 WL 2289495, at *5.
[25] Rec. Doc. 23-1, p. 4; Rec. Doc. 46, p. 2.
[26] Rec. Doc. 46, p. 3.

plead the affirmative defense of fraud.[27] Accordingly, the Court will deny Plaintiff's *Motion to Strike* as it relates to the defense of fraud.

Turning to whether Defendants adequately pled an "intentional act" defense, the *Answer to the Complaint* contains the following:

> The incident complained of in Plaintiff's Petition for Damages was caused in whole or in part by the fault and/or negligence of Plaintiff and, therefore, the claims of Plaintiff should be denied in their entirety, or, in the alternative, should be reduced proportionately in accordance with the comparative negligence of said Plaintiff.[28]

Plaintiff argues that nothing in this language suggests he intentionally caused his own fall, thus Defendants failed to provide him with "fair notice" of the "intentional acts" affirmative defense under Rule 8(c). This argument is unpersuasive. Substantive state law determines what constitutes an affirmative defense in a diversity case.[29]

Louisiana Code of Civil Procedure art. 1005 does not list "intentional acts" as a defense that must be affirmatively pled.[30] The list is "illustrative, not exclusive," and whether an issue is an affirmative defense depends on a fact-specific inquiry.[31] However, such an inquiry is unnecessary here: Defendants maintain that, to the extent they intend to prove Plaintiff's fall was intentional, such a defense goes to Plaintiff's *prima facie* burden of proving the causation element of his negligence claim.[32] Stated differently,

---

[27] Defendants aver, "Defendants, however, have not asserted the affirmative defense of fraud at any point in this litigation, nor do they intend to do so." Rec. Doc. 29, p. 3.
[28] Rec. Doc. 5, p. 6.
[29] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014).
[30] "Louisiana Code of Civil Procedure Article 1005 sets out a list of affirmative defenses: 'The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense.'" *Id.* (citing La. Code Civ. Proc. Ann. art. 1005 (2012)).
[31] "It is well-settled in Louisiana law" that the list is "illustrative, not exclusive." *Id.* (citing *Bienvenu v. Allstate Ins. Co.*, 819 So.2d 1077, 1080 (La. App. 4 Cir. 5/8/02)).
[32] Rec. Doc. 29, p. 3.

Defendants do not argue that Plaintiff's intentional act relieves them of liability even if Plaintiff successfully proves each element of his claim (an affirmative defense).[33] Rather, they argue that Plaintiff cannot prove the elements of his claim at all (a negative defense).

By asserting that the incident was "caused in whole or in part by the fault . . . of Plaintiff," Defendants complied with the pleading standard for defenses set by Rule 8(b).[34] "It is a statement in 'short and plain terms' explaining why plaintiffs' claim for negligence fails."[35] Defendants have satisfied the basic pleading requirement for defenses under Rule 8(b), and the Court will deny Plaintiff's *Motion to Strike* as it relates to the "intentional act" defense.

### 2. Dr. Folley

Plaintiff seeks to preclude Defendants' expert Dr. Folley from testifying at trial because his "opinion is designed to support the affirmative defense of intentional act and/or fraud."[36] He presents no other basis for challenging Dr. Folley's opinion, whether under Federal Rule of Civil Procedure 702, *Daubert*, or otherwise. Having found that Defendants do not attempt to assert fraud as a defense and have satisfied the requirements for asserting an "intentional act" defense under Rule 8(b), the Court will deny Plaintiff's *Motion to Strike* as it relates to Dr. Folley. The Court notes that this *Ruling* only addresses the issues raised in Plaintiff's *Motion to Strike* and does not preclude Plaintiff from asserting an appropriate evidentiary challenge to Dr. Folley at the appropriate time.

---

[33] "An affirmative defense 'raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action.'" *LSREF2 Baron*, 751 F.3d at 398 (quoting *Bienvenu*, 819 So.2d at 1080).
[34] Rec. Doc. 5, p. 6.
[35] *Thomas*, 2019 WL 2289495, at *5 (citing Fed. R. Civ. P. 8(b)(1)(A)).
[36] Rec. Doc. 23-1, p. 4.

### B. Motion to Dismiss and Alternative Motion for Summary Judgment

Defendants claim dismissal is warranted under Federal Rule of Civil Procedure 41(b) because Plaintiff's action in filing suit after intentionally staging the fall perpetuates "fraud on the Court."[37] Alternatively, they claim summary dismissal is warranted under Rule 56 because Plaintiff cannot meet the burden of proving the elements of his negligence claim. Although the Court will not strike the "intentional act" defense prior to trial, Defendants have failed to show the grounds for maintaining the defense further warrant dismissal of Plaintiff's claims.

#### 1. Fraud on the Court

Fraud on the court requires a "deliberately planned scheme," which fraudulently debases the integrity of the judicial process in a manner involving "far more than an injury to a single litigant."[38] "[T]he standard for fraud on the court is demanding: 'Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.'"[39] Less egregious misconduct, such as a failure to disclose pertinent facts in the matter before the court, ordinarily will not suffice.[40] "Where the wrong is only between the parties and there has been no direct assault on the integrity of the judicial process itself, the federal courts have refused to invoke the doctrine of fraud on the court."[41]

---

[37] Rec. Doc. 20.
[38] *Ballew v. U.S. Dep't of Justice*, 244 F.3d 138 (5th Cir. 2000) (quoting *Rozier v. Ford Motor Company*, 573 F.2d 1332, 1338 (5th Cir.1978)).
[39] *Id.*
[40] *Id.*; see also, *Simoneaux v. E.I. du Pont de Nemours & Co.*, CIV.A. 12-219-SDD, 2015 WL 3905069, at *8 (M.D. La. June 25, 2015).
[41] *Id.* (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2870 at 416 (2d. ed.1987)).

Plaintiff's conduct in filing this suit following his alleged slip and fall does not meet the demanding standard for "fraud on the court." Contrary to Defendants' assertions, the surveillance video of the incident does not "unequivocally" demonstrate that Plaintiff seeks to recover for injuries that were caused by his own intentional actions.[42] Reasonable minds may differ on the cause of Plaintiff's fall after reviewing the evidence and testimony presented at trial. The Court has an interest in protecting litigants and the judicial process against meritless claims; however, the surveillance video does not indisputably establish that Plaintiff's claims lack merit. Accordingly, Defendants' *Motion to Dismiss for Fraud on the Court* is denied.

### 2. Summary Judgment

#### a. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[43] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[44] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[45] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence

---

[42] Rec. Doc. 20-1, p. 7.
[43] Fed. R. Civ. P. 56(a).
[44] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[45] *Guerin v. Pointe Coupee Par. Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).

of a genuine issue concerning every essential component of its case.'"[46] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[47]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[48] All reasonable factual inferences are drawn in favor of the nonmoving party.[49] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[50] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without "any significant probative evidence tending to support the complaint."'"[51]

b. The Louisiana Merchant Liability Statute - La. R.S. 9:2800.6

This matter is governed by the Louisiana Merchant Liability Statute,[52] which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably

---

[46] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[47] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[48] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[49] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[50] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[51] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[52] The matter is before the Court based on diversity of citizenship; thus, the Court must apply the substantive law of Louisiana to the facts of this case. In applying and interpreting Louisiana law, this Court looks to final decisions of the Louisiana Supreme Court for guidance under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Plaintiff has the duty of proving each of these elements "in addition to all other elements of his cause of action."[53] "Though there is some overlapping, these remaining elements are duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages."[54] Failure to prove any one of these elements "is fatal to the claimant's cause of action."[55]

    i. Cause-in-fact

As a threshold matter, Defendants claim summary judgment is warranted because Plaintiff cannot prove the wet floor was the cause-in-fact of his fall. Whether a causal relationship exists between a plaintiff's harm and the alleged negligent conduct of a

---

[53] *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 4 (La. 1997), 699 So.2d 1081, 1084.
[54] *White*, 699 So.2d at p. 1084, n. 3.
[55] *Id.* at 1086.

defendant is a "critical inquiry."[56] It involves a factual determination as to whether the harm would have occurred "but for" the defendant's substandard conduct.[57]

Defendants argue that no reasonable juror who views the surveillance footage could find, as a matter of fact, that the condition of the wet aisle caused Plaintiff to slip and fall. However, as previously noted, a review of the surveillance footage alone does not conclusively prove Plaintiff's fall was intentional. While the Fifth Circuit holds that greater weight may be given to facts evident from video recordings at the summary judgment stage, the video evidence here is not "completely at odds" with Plaintiff's testimony regarding the cause of his fall.[58] Moreover, reconciliation of Plaintiff's account and the competing opinion of Dr. Folley requires a credibility determination that cannot be made by the Court on summary judgment.[59]

    ii.  Defendants' Duty

Regardless of whether the subject fall was intentional, Defendants claim summary dismissal is warranted because the risk presented by the wet floor was not within the scope of the duty owed to Plaintiff. A determination of legal cause, or the "scope of the duty," asks whether the principle of law extends to or intends to protect this particular

---

[56] *Carney v. Eldorado Resort Casino Shreveport*, 48,761 (La. App. 2 Cir. 1/29/14), 132 So.3d 546, 549 (citing *Roberts v. Benoit*, 605 So.2d 1032 (La.1991)).

[57] *Todd v. State Through Dep't of Soc. Servs., Office of Cmty. Servs.*, 96-3090, p. 6 (La. 1997), 699 So.2d 35, 39; *Boykin v. Louisiana Transit Co., Inc.*, 96-1932, p. 9 (La. 1998), 707 So.2d 1225, 1230.

[58] *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (finding a court need not rely on a party's description of the facts when video evidence discredits the description); *Scott v. Harris*, 550 U.S. 372 (2007); *see also*, *Celestine v. PNK (Lake Charles), LLC*, CIV.A. 14-172, 2014 WL 2949412, at *2 (W.D. La. June 27, 2014).

[59] Plaintiff argues the report of Dr. Folley is "unverified" and objects to its consideration on summary judgment pursuant to Fed. R. Civ. P. 56(c)(2). This argument is without merit. "Rule 56(c), added in 2010, permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial." *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019); *see also*, *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), as revised (July 5, 2017).

plaintiff from this type of harm arising in this manner.[60] Defendants claim La. R.S. § 9:2800.6(A) does not extend to protect Plaintiff from the harm of falling on the wet floor because he was aware of the condition "at least 15 second prior to his fall" and made the decision to walk down the aisle anyway.[61] Alternatively, Defendants claim they owed no duty to protect or warn Plaintiff of the floor's condition because it was "open and obvious" and not unreasonably dangerous.

The scope of the duty inquiry involves a legal question that "depends on factual determinations of foreseeability and ease of association" and is made on a case-by-case basis to avoid making a defendant an insurer of all persons against all harms.[62] "In determining the limitation to be placed on liability for a defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to the plaintiff can be associated with the duty sought to be enforced."[63] The risk of Plaintiff slipping and falling on the wet floor is clearly within the scope of Defendants' duty under La. R.S. § 9:2800.6(A) to keep the store's aisles, passageways, and floors in a reasonably safe condition. Nevertheless, Defendants claim they owed no duty for this particular risk because Plaintiff was aware of the wet floor yet knowingly chose to encounter it.

Courts have refused to hold merchants liable for slip and fall incidents in which a patron testifies to seeing a wet floor or noticing a merchant's warning signs before

---

[60] *Rando v. Anco Insulations Inc.*, 2008-1163, p. 30 (La. 2009), 16 So.3d 1065, 1088 ("Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty.")
[61] Rec. Doc. 20-1, p. 18.
[62] *Rando*, 16 So.3d at 1088, 1093; *Todd v. State*, 699 So.2d at 39 ("We are mindful that foreseeability, as the determining test, is neither always reliable nor the only criterion for comparing the relationship between a duty and a risk. Some risks that arise because of a defendant's conduct are not within the scope of the duty owed to a particular plaintiff simply because they are unforeseeable. The ease of association of the injury with the rule of conduct that is urged, however, is the proper inquiry.").
[63] *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 294 (La. 1993).

proceeding to walk in a slippery area.[64] Such holdings are inapplicable here because Plaintiff denies seeing that the floor was wet or noticing any warning signs before his fall.[65] Defendants claim this testimony is uncorroborated and direct the Court to the surveillance footage of the incident, which depicts a wet floor; however, the Court cannot weigh the parties' competing evidence to conclude that Plaintiff had actual knowledge of the condition before proceeding down the aisle. Defendants have failed to show an absence of disputed facts as to legal causation or the "scope of the duty" element.

These factual disputes further preclude the Court from finding that the condition of the floor was "open and obvious" and not unreasonably dangerous. If a risk of harm is obvious, universally known, and easily avoidable, it is not unreasonable, and the defendant has no duty to warn or protect against it.[66] Rather than looking to whether the Plaintiff had actual knowledge of the condition, "the open-and-obvious inquiry is objective, looking to whether the condition is obvious to all who may encounter it."[67]

Overhead surveillance footage and testimony regarding a patron's ground-level perspective of the area are but two pieces of evidence demonstrating a dispute over whether the condition was visible—let alone "obvious"—to all who encountered it. The Louisiana Supreme Court has described the determination of whether a risk is unreasonable as a mixed question of law and fact that is "peculiarly a question for the jury

---

[64] *Lee v. Ryan's Family Steak Houses, Inc.*, 2006-1400 (La. App. 1 Cir. 5/4/07), 960 So.2d 1042 (holding factfinder's conclusions as to liability in slip and fall case were manifestly erroneous, as patron testified that she noticed the floor was slippery and wet and walked within a foot or two of a three-foot-tall warning cone placed on the wet floor by merchant.); *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So.2d 476, 479 ("Most significantly, while [the plaintiff] may take issue with the exact location of the wet floor cone, she admits observing the wet floor warning upon entering the women's restroom.")
[65] Rec. Doc. 26-3, pp. 48–51.
[66] *Buchanan v. Wal-Mart Stores, Inc.*, 834 Fed.Appx. 58 (5th Cir. 2020) (citing *Smith v. Winn Dixie Montgomery, LLC*, CIV.A. 13-194-SDD, 2014 WL 2740405, at *3 (M.D. La. June 17, 2014)).
[67] *Thibodeaux v. Home Depot USA, Inc.*, 816 Fed.Appx. 988, 990 (5th Cir. 2020) (citing *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 2013), 113 So. 3d 175, 184.).

or trier of the facts."[68] While summary judgment is not always precluded when the open and obvious nature of a condition is at issue, it is unacceptable when, as here, there are material issues of disputed fact regarding the open and obvious nature of the risk.[69] Accordingly, summary judgment is unwarranted.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss for Fraud on the Court and Alternative Motion for Summary Judgment* filed by Defendants TA Operating, LLC and Arch Specialty Insurance Company is hereby DENIED and the *Motion to Strike the Un-Alleged Defense of Intentional Act and/or Fraud* filed by Plaintiff, Wilson Domingue is hereby DENIED.[70]

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 12th day of January, 2023.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[68] *Reed v. Wal–Mart Stores, Inc.*, 97–1174, p. 4 (La.1998), 708 So.2d 362, 364.
[69] *Smith v. Winn Dixie*, 2014 WL 2740405, at *3; *Boggs v. Texas Roadhouse, Inc.*, CV 17-336-SDD-EWD, 2018 WL 3579466, at *4 (M.D. La. July 25, 2018).
[70] Rec. Doc. 20; Rec. Doc. 23.